UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| JORGE SUAREZ<br><br>Plaintiff,<br><br>v.<br><br>NEW YORK BAKERY DISTRIBUTORS CORP.<br><br>Defendant | Case No.: |

**- <u>COMPLAINT AND DEMAND FOR JURY TRIAL</u> -**

Plaintiff JORGE SUAREZ, by and through the undersigned counsel, hereby files this Complaint against the above Defendant, NEW YORK BAKERY DISTRIBUTORS CORP.

## NATURE OF THE CASE

1. This is an action brought by Plaintiff JORGE SUAREZ, (hereafter "Plaintiff") against his former employer, Defendant NEW YORK BAKERY DISTRIBUTORS CORP. (hereafter referred to as "Defendant") for violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA").

2. During the term of Plaintiff's employment, Defendant had a practice of a) systematically deducting 30 minutes for break, although it was not taken, b) requiring Plaintiff to work off-the-clock, and c) not fully

compensating all hours in excess of forty (40) hours in a workweek as required by the FLSA.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction conferred by 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue is proper in the Southern District of Florida. Miami Date County has the greatest nexus with the cause because it is the place where Plaintiff provided services and Defendant conducted business.

## PARTIES

5. Plaintiff, JORGE SUAREZ, a resident of Miami Dade County, was a former employee of Defendant who worked at NEW YORK BAKERY DISTRIBUTORS CORP.

6. Defendant NEW YORK BAKERY DISTRIBUTORS CORP. is a corporation organized and existing under and by virtue of the laws of the State of Florida.

## COVERAGE

7. Defendant NEW YORK BAKERY DISTRIBUTORS CORP. is an enterprise engaged in commerce or in the production of goods for commerce, covered by the FLSA, and as defined by 29 U.S.C. § 203.

8. Upon information and belief, Defendant's annual gross volume of sales exceeded $500,000/year at all relevant times.

9. Defendant NEW YORK BAKERY DISTRIBUTORS CORP. was an employer within the definition of the FLSA, 29 U.S.C. § 203.

10. During the term of his employment, Plaintiff was engaged in commerce and was therefore subject to the individual coverage of the FLSA 29 U.S.C. § 206.

11. The services performed by Plaintiff were essential, necessary, and an integral part of the business conducted by Defendant.

12. Plaintiff was a covered employee for purposes of the FLSA pursuant to 29 U.S.C. § § 207 and 206.

## FACTUAL BACKGROUND

13. Plaintiff JORGE SUAREZ was employed by Defendant from October 2011, to October 2015.

14. Plaintiff held a driver position at the time of separation.

15. Plaintiff was paid $505.00, weekly.

16. During his employment with Defendant, Plaintiff was classified as non-exempt.

17. Plaintiff did not fully satisfy the requirements for overtime exemptions set forth in the FLSA.

18. During the period covered by Plaintiff's employment, Plaintiff worked in excess of forty (40) hours in a workweek and was not compensated at the statutory rate of one and one-half times his regular rate of pay.

19. Upon information and belief, Defendant had a practice of systematically deducting a 30-minute meal period from Plaintiff's time although the referenced period was not taken.

20. Since Plaintiff worked 6 days a week, the automatic deduction resulted in 3 hours of uncompensated weekly overtime.

21. Additionally, two or three times a week, Plaintiff worked off-the-clock. Upon return from his delivery route and punching out, Plaintiff was asked to perform additional deliveries (off-the clock), without proper compensation.

22. Plaintiff worked an estimated 57-58 hours a week (17-18 hours of overtime) but was allegedly compensated for only 47 hours a week.

23. Defendant was aware of the systematic lunch deduction, the off-the-clock work, and that Plaintiff was working in excess of forty (40) hours per week without proper compensation but did not cure the ongoing FLSA violations.

24. Defendant's actions were willful and/or showed reckless disregard as to whether its conduct was prohibited by the FLSA.

25. Plaintiff's time and payroll records (including the hours worked in each workweek) should be in Defendant's custody and control, pursuant to 29 C.F.R. § 516. However, the accuracy, completeness, and sufficiency of such records is at issue.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION UNDER THE FLSA

26. Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 through 25 above.

27. Defendant failed to pay Plaintiff properly for all hours worked in excess of forty (40) hours in a workweek in compliance with the FLSA.

28. Plaintiff is entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) in a workweek.

29. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to damages, liquidated damages, pre-judgment interest, attorney's fees, and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment against Defendant, and the following damages:

a. Unpaid overtime compensation pursuant to 29 U.S.C. § 216(b);

b. Liquidated damages in an amount equal to the overtime compensation owed in accordance with 29 U.S.C. § 216(b);

c. Pre-judgment interest;

d. Attorney's fees and costs as provided by 29 U.S.C. § 216(b); and

e. Any further relief the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

30. Plaintiff requests a jury trial to the extent authorized by law.

Dated: May 18, 2017.

Respectfully submitted,

**CYNTHIA GONZALEZ P.A.**
4023 North Armenia Ave.
Suite 240
Tampa, Florida 33607
Telephone (813) 333-1322
Fax (866) 593-6771
E-mail: cynthia@wagesdue.com

s/ Cynthia Gonzalez
Cynthia M. Gonzalez
Florida Bar No. 53052
Attorney for Plaintiff


s/ Luis Roberto Amadeo
Luis Roberto Amadeo
Florida Bar No. 0565865
Attorney for Plaintiff